**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRIVATE CHAUFFEUR COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BRIAN CHRISTINE, individually and doing business as YOUR KEYS OUR DRIVER, <br><br> Defendant. | 2:14-cv-08203-RSWL-AS <br><br> **ORDER re: Plaintiff's Motion for Entry of Default Judgment Against Defendant Brian Christine** [19] |

    Currently before the Court is Plaintiff, The Private Chauffeur Company, Inc.'s ("Plaintiff") Motion for Default Judgment [19], which arises out of Plaintiff's action against Defendant Brian Christine dba Your Keys Our Driver ("Defendant") for federal claims of copyright infringement, trademark infringement, false designation of origin, and

cybersquatting.  See Compl., ECF No. 1.

The Court, having reviewed all papers submitted and pertaining to Plaintiff's Motion [19], **NOW FINDS AND RULES AS FOLLOWS:**  The Court **DENIES** without prejudice Plaintiff's Motion for Default Judgment [19] due to Plaintiff's inadequate service of process on Defendant.

Upon review of Plaintiff's Proof of Service [16], the Court finds that Plaintiff has not adequately served Defendant, which is a prerequisite to personal jurisdiction and, thus, to the entry of default judgment.  See Johnson v. Salas, No. 2:11-cv-02153 MCE KJN, 2012 WL 1158856, at *4 (E.D. Cal. Apr. 6, 2012) (stating that "[a]s a preliminary matter, a court must first 'assess the adequacy of the service of process on the party against whom default judgment is requested'").

Plaintiff's Proof of Service [16] states that service of process was served at the address, 4635 Stoner Avenue, Apartment 3, Los Angeles, California 90230, via substituted service to a "Jane Doe."  Proof of Serv. 1, ECF No. 16.  The process server's Declaration of Due Diligence states that he was unable to effect personal service on Defendant Christine and explains that when he arrived at the 4635 Stoner Avenue residence, he spoke to the manager of the gated apartment complex, and the manager informed the process server that Defendant Christine had moved out of the apartment complex four years ago.  Id. at 3.  When the

process server arrived at the apartment, he spoke with a "Jane Doe" who stated that she had never heard of Defendant Christine. Id. The process server substituted service on the "Jane Doe" occupant "on behalf of Brian Christine, individually and doing business as YOUR KEYS OUR DRIVERS." Id. Plaintiff has not shown any other attempt to properly serve Defendant Christine.

"When the party seeking a default judgment has not shown that the defendant has been provided with adequate notice of an action, it is inappropriate to conclude that the defendant 'has failed to plead or otherwise defend' under Federal Rule of Civil Procedure 55(a)." Johnson, 2012 WL 1158856, at *4 (internal quotation marks omitted). "'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Produce v. Cal. Harvest Healthy Foods Ranch Mkt., No. C-11-04814 DMR, 2012 WL 259575, at *3 (N.D. Cal. Jan. 27, 2012).

"For substituted service to be reasonably calculated to give an interested party notice of the pendency of the action and an opportunity to be heard, service must be made upon a person whose relationship to the person to be served makes it more likely than

not that they will deliver process to the named party."
<u>Id.</u> at *3.  Here, the process server's Declaration
stated that the "Jane Doe" had "never heard of"
Defendant Christine, Proof of Serv. at 3, which
certainly does not make it "more likely than not" that
the "Jane Doe" would deliver the served documents to
Defendant Christine.  As such, Plaintiff's service of
process is inadequate.  Additionally, one of
Plaintiff's own exhibits shows that Plaintiff is aware
of an alternative address for Defendant Christine: the
address listed on Defendant Christine's California
driver's license, 1976 Fairway Circle Drive, San
Marcos, California 92078.  Fibble Decl. in Support of
Pl.'s Mot. for Def. J., Ex, 4, ECF No. 19-3.  Plaintiff
has made no effort to serve Defendant at this address.

　　Because Plaintiff's service of process is
inadequate, it is "inappropriate to conclude that the
defendant 'has failed to plead or otherwise defend'
under Federal Rule of Civil Procedure 55(a)."  <u>Johnson</u>,
2012 WL 1158856, at *4 (internal quotation marks
omitted).  As such, the Court **DENIES** Plaintiff's Motion
for Default Judgment [19] and **HEREBY SETS ASIDE**
Defendant's Default [18], <u>see</u> Fed. R. Civ. P. 55(c).

**IT IS SO ORDERED.**

DATED: April 8, 2014

*RONALD S.W. LEW*
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge